UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNIT PETROLEUM COMPANY, ) <br> UNIT DRILLING AND EXPLORATION ) <br> COMPANY, ) <br>                    Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> JACK FROST, ) <br> ) <br> ) <br>                    Defendant. ) | Case No. 11-CV-627-JED-FHM |

## OPINION AND ORDER

The Court has for its consideration defendant/counterclaimant Jack Frost's opposed motion to join Unit Corporation as a counterclaim defendant (Doc. 64) (the "motion"). Frost seeks the joinder of Unit Corporation ("UNIT") under Fed. R. Civ. P. 19 as both a necessary and indispensible party. Plaintiffs/counterclaim defendants, Unit Petroleum Company ("UPC") and Unit Drilling and Exploration Company ("UDEC") (collectively, "plaintiffs") oppose Frost's request for joinder for two primary reasons: (1) amendment to add UNIT is untimely and futile under Fed. R. Civ. P. 15 and (2) UNIT is not a necessary or indispensible party to this case.[1]

### I.   Background

On November 10, 1980, Jack Frost entered into a consulting agreement with UDEC. Frost performed geological services for UDEC and received as compensation the assignment of an overriding royalty interest ("overrides") in any oil and gas leases UDEC acquired in prospects recommended by Frost. The Consulting Agreement states that "[t]he covenants and agreements

---

[1] Frost is currently defending against the plaintiffs' declaratory judgment action, but the main thrust of this litigation is his counterclaims against UPC and UDEC.

set forth in this Agreement shall be binding upon and inure to the benefit of the heirs, successors and assigns of each of the parties hereto." (Doc. 64-1).

UDEC and UPC filed this action on October 12, 2011, seeking a declaratory judgment that the consulting agreement had been fully performed and that Frost was not owed anything under the agreement. (Doc. 2). Frost counterclaimed for unpaid royalties and sought the assignment of any overrides he was owed for subsequently acquired leases in prospects he recommended. In their complaint, plaintiffs allege that, pursuant to a 1988 "corporate reorganization," UDEC "assigned its oil and gas lease interests to [UPC]." (*Id*., at 2). Plaintiffs state that UPC is not responsible for the liabilities of UDEC because it was a wholly different entity. (*Id*., at 5). Plaintiffs further allege that "UDEC continues its corporate existence but is inactive." (*Id*., at 2). While plaintiffs claim that UDEC is inactive, they do not state in their complaint what entity is responsible for UDEC's contractual obligations.

Frost sought discovery with respect to the 1988 corporate reorganization involving the plaintiffs and received, among other things, a "Memorandum of Action" from plaintiffs (Doc. 64-2). Frost alleges that this memorandum demonstrates that UNIT is the "successor and assign" of UDEC because UDEC's assets and operations were consolidated into UNIT and UNIT operated as a continuation of UDEC's business. (Doc. 64, at 2). Based upon this discovery, Frost seeks to add UNIT as a third-party defendant to his counterclaims.

**II.     Analysis**

Frost argues that UNIT is a necessary and indispensible party and that his amendment therefore must be permitted under Fed. R. Civ. P. 19, which controls mandatory joinder of parties. However, Rule 19 is not the mechanism which would afford Frost the relief he seeks. The Tenth Circuit has explained that, in circumstances where a party seeking affirmative relief

(i.e. a plaintiff or counterclaimant) seeks to add a party-defendant, Rule 19 is "inapplicable, because, while it provides for the 'Joinder of Persons Needed for Just Adjudication,'…. it does not provide a joinder mechanism for plaintiffs." *Shaw v. AAA Eng'g & Drafting Inc*., 138 F. App'x 62, 66 (10th Cir. 2005). In *Birmingham v. Experian Info. Solutions, Inc*., the Tenth Circuit recently reaffirmed this principle, holding that Rule 19 is "not a means by which a plaintiff can join a truly liable defendant if he has mistakenly sued innocent parties." 633 F.3d 1006, 1021 (10th Cir. 2011); *see also Glancy v. Taubman Centers, Inc.,* 373 F.3d 656, 669 (6th Cir. 2004) ("Rule 19 is the tool of the defendant, as the plaintiff has the power to choose which parties it wishes to sue and generally has ample freedom to amend its complaint to add a party."); Fed. R. Civ. P. 12(b)(7) (referring to the "defense" of "failure to join a party under Rule 19"). Hence, the Court will not apply Rule 19 to require (or permit) UNIT's joinder as a third-party defendant. Instead, the Court will analyze Frost's request to add UNIT under Fed. R. Civ. P. 15.[2]

The Tenth Circuit has held that "Rule 15(a) governs the addition of a party....because it is actually a motion to amend." *United States* ex rel. *Precision Co. v. Koch Indus., Inc*., 31 F.3d 1015, 1018 (10th Cir. 1994). Rule 15 states that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Under this standard, the Court will "refuse leave to amend only on 'a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment.'" *Duncan v. Manager, Dept. of Safety, City & County of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005) (quoting *Frank v. U.S. West, Inc*., 3 F.3d 1357, 1365 (10th Cir.1993)). In

---

[2] Frost describes UNIT's potential status if joined as that of a "counter claim defendant," (Doc. 64, at 1), but that's not quite right. If joined, UNIT would more properly be considered a third-party defendant to the counterclaim, as UNIT has not stated claims against Frost for him to counter.

3

this Circuit, untimeliness alone is an adequate reason to refuse leave to amend. *Id.* In their response brief, plaintiffs argue that Frost's proposed amendment is both untimely and futile.

### ~ Untimeliness ~

Plaintiffs allege that Frost's proposed amendment is untimely for three reasons: Frost unnecessarily delayed discovery; he should have known of UNIT's status earlier; and dispositive motions have already been filed. The Court will discuss each in turn.

Plaintiffs argue that Frost waited until October 25, 2012 – 36 days before the *original* November 30, 2012 discovery cutoff – to request documents which revealed the basis for his proposed amendment. Subsequent to the filing of Frost's motion and plaintiffs' response thereto, the discovery deadline was extended to June 11, 2013. (Doc. 109). The Court notes, as it did during the March 11, 2013 scheduling conference, that both parties have shared some degree of responsibility for the delays which have occurred in discovery. The Court therefore finds that plaintiffs' argument regarding Frost's alleged delay does not warrant the denial of his request to join UNIT.

Plaintiffs argue that Frost should have known of UNIT's status much earlier because there is publicly available information which demonstrates that UNIT is the parent corporation of UDEC. While UNIT's website does make reference to its status as the parent company of UDEC, that status did not necessarily warrant joinder of UNIT as a party, as Frost points out in his reply brief. (Doc. 87, at 3). Instead, Frost states that he primarily relied on plaintiffs' interrogatory response regarding plaintiffs' corporate reorganization, which did not explain UNIT's status as having assumed all liabilities for UDEC. This interrogatory response is far from clear in its explanation (or lack thereof) regarding the relationship between UDEC and

4

UNIT.[3] It was not until Frost received the "Memorandum of Action" on December 17, 2012 – approximately one month before filing the motion at issue – that Frost concluded that UNIT should be joined as a party.[4] Accordingly, the Court finds that Frost was not dilatory in seeking to join UNIT upon learning of its status.

Finally, plaintiffs' concern, for purposes of this analysis, that dispositive motions have already been filed – assuming that the filing of such motions was an action that would have thwarted amendment – has been alleviated by the March 11, 2013 scheduling order entered by the Court (Doc. 109), which set a new dispositive motion deadline of July 22, 2013. Under this amended deadline, UNIT would be able to conduct any necessary discovery and, were there facts to support it, file a dispositive motion. Of course UNIT may conclude that it need not engage in extensive discovery, if any, as it has undoubtedly been significantly informed as to the activity and proceedings in this litigation. Frost alleges that "UNIT was 'organized to consolidate the assets and operations of [UDEC],' that all of the 'officers, directors and employees of [UNIT] were the same as those at [UDEC],' that UNIT's stock was exchanged for UDEC's shareholders' stock, and that UNIT continued UDEC's operations in the same office space that UDEC had

---

[3] UPC's interrogatory response regarding the corporate reorganization states as follows:

> [I]n 1988 the company opted to form two new entities, Unit Petroleum Company and Unit Drilling Company, with the parent being Unit Corporation. UPC became the exploration entity and UDC the drilling company. At the time UDEC went through a process of assigning all of its assets and contractual obligations to the appropriate company. For example, UDEC assigned ownership of its drilling rigs to UDC and ownership of its oil and gas lease interests to UPC. To the extent there were executory contracts, those contracts were assigned to the appropriate entity….

(Doc. 87-2).

[4] In contrast to the interrogatory response (see footnote 3, supra), the Memorandum of Action clearly states that in 1986 UNIT "acquired all of the assets and assumed all of the liabilities of [UDEC] . . ." (Doc. 64-2).

5

been occupying." (Doc. 64, at 2, quoting Exchange Offer Prospectus). Thus, UNIT will likely have available to it the discovery, investigation, and work product performed by UDEC and/or UPC in this litigation. The preparation performed by UDEC and UPC in this litigation may be all that is needed for UNIT to prepare its defense, especially were it the case that UDEC's and UPC's counsel also represents UNIT.

### ~ Futility ~

Here, plaintiffs argue that any breach of contract claim by Frost against UNIT would be futile because (1) it would be barred by the statute of limitations and (2) Frost could not obtain specific performance from UNIT with respect to assignments of overrides. In analyzing futility, a court may generally deny leave to amend where the proposed amendments fail to state a claim for relief pursuant to Fed. R. Civ. P. 12(b)(6). *See, e.g., Gohier v. Enright*, 186 F.3d 1216, 1218 (10th Cir. 1999) ("The futility question is functionally equivalent to the question whether a complaint may be dismissed for failure to state a claim....").

Frost seeks to hold UNIT liable for UDEC's contractual obligations as its successor and assign. Hence, plaintiffs argue that, because UDEC has had no activity since 1988, any breach by UDEC must necessarily have occurred (if at all) beyond the five-year statute of limitations for contract actions. This argument is also found in plaintiffs' motion for summary judgment and is disputed by Frost based upon an alleged dispute of fact as to when such breach or breaches occurred and Frost's argument that plaintiffs' conduct tolled the statute of limitations. Further, the Court anticipates that the parties' summary judgment briefing could potentially be supplemented with respect to these issues as a result of the additional discovery time afforded to the parties in the amended scheduling order. Based upon these considerations, the Court finds

that this issue is better addressed in its eventual ruling on the parties' respective summary judgment motions and is not a proper basis to find Frost's proposed amendment to be futile.[5]

Frost's purported inability to obtain specific performance from UNIT likewise does not render Frost's proposed amendment futile. Frost has been clear that he seeks both contract damages for unpaid and/or underpaid royalties and specific performance for overrides not yet assigned. (*See* Doc. 87, at 2). Thus, even were Frost unable to obtain specific performance by way of assignment from UNIT, he could still potentially obtain contract damages from UNIT. Accordingly, plaintiffs have not demonstrated that Frost's proposed amendment would be futile.

**IT IS THEREFORE ORDERED** that defendant Jack Frost's opposed motion to join Unit Corporation as a counterclaim defendant (Doc. 64) is **granted**. Frost shall file his amended counterclaim no later than April 12, 2013.

**SO ORDERED** this 5th day of April, 2013.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE

---

[5] The Court notes that plaintiffs did not file a motion to dismiss Frost's counterclaims on this basis.