IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNIT PETROLEUM COMPANY, UNIT DRILLING AND EXPLORATION COMPANY,<br><br>    Plaintiffs,<br><br>vs.<br><br>JACK FROST, an individual,<br><br>    Defendant and Third-Party Plaintiff,<br><br>vs.<br><br>UNIT CORPORATION,<br><br>    Third-Party Defendant. | Case No.11-CV-627-JED-FHM |

## OPINION AND ORDER

Third-Party Defendant Unit Corporation's Motion to Compel, [Dkt. 126] has been fully briefed, [Dkt. 126, 132, 146], and a hearing was held on September 24, 2013.

### Background

The matter in dispute in this lawsuit concerns Mr. Frost's claim that Third-Party Defendant Unit Corporation (UnitCorp) has failed to pay overriding royalty interests allegedly due Mr. Frost under a 1980 Consulting Agreement. UnitCorp asserts that Mr. Frost has not fully answered some discovery requests and filed its motion to obtain an order requiring Mr. Frost to fully answer discovery and to obtain an award of its expenses, including attorney fees, incurred in the filing of the motion.

On July 18, 2013, after the instant motion was filed, Mr. Frost supplemented his discovery responses. He argues, therefore, that the motion should be denied. In reply, UnitCorp argues that, while some of the information provided is sufficient, some information has not been provided.

## Analysis

### Interrogatory No. 3

In Interrogatory No. 3 UnitCorp requests the following:

> Identify and describe each and every specific action or omission by UDEC that you contend was a breach of the Consulting Agreement and for which you seek to hold Unit Corporation responsible. Include the date when the action occurred in your response.

[Dkt. 126, p. 3]. The Supplemental Response served on July 18, 2013 answers Interrogatory No. 3, as follows:

> UDEC/UPC breached the Consulting Agreement by failing to assign an overriding royalty interest ("ORRI") within a reasonable time following UDEC/UPC's acquisition of a lease within a Prospect that Frost had originated or evaluated and recommended to UDEC. Attached as Exhibit A is a list of leases that UDEC/UPC acquired within a Frost Prospect but failed to assign an ORRI (individually an "Acquired Lease" and collectively the "Acquired Leases"). A breach by UDEC/UPC occurred each time it failed to give Frost an assignment within a reasonable time following its acquisition of an Acquired Lease.
>
> UDEC/UPC also breached the Consulting Agreement by failing to pay Frost his share of the revenues UDEC/UPC received, and continues to receive, either monthly or otherwise, from its sale of oil and gas production on the Acquired Leases. Attached as Exhibit B is a list of producing wells on the Acquired Leases, the months in which production from such wells occurred, and the amounts UDEC/UPC failed to pay Frost on a monthly basis. A breach occurred each time UDEC/UPC failed to pay Frost within a reasonable time following its receipt of such revenues.

[Dkt. 132-1].

The court finds that Mr. Frost's supplemental response fully responds to Interrogatory No. 3. The supplemental response provides UnitCorp with a list of all the

leases in which Mr. Frost claims an overriding royalty interest and the specific amounts Mr. Frost claims UnitCorp failed to pay to Mr. Frost.

UnitCorp claims more specific information is necessary for UnitCorp to "fully understand Mr. Frost's claims" because Mr. Frost is not claiming breach of contract on the basis of UnitCorp's failure to assign an overriding royalty interest and pay him for an overriding royalty interest in leases that UnitCorp acquired but does not currently own. UnitCorp argues that, under Mr. Frost's interpretation of the agreement, a breach would have occurred regardless of whether UnitCorp currently owns the lease or had sold it.

Despite the logic of UnitCorp's argument and what seems like the inconsistency of Mr. Frost's position, Interrogatory No. 3 asks about the breaches Mr. Frost seeks to hold UnitCorp responsible for and Mr. Frost has fully responded to that interrogatory.

UnitCorp's motion to compel is DENIED as to Interrogatory No. 3.

### Interrogatory No. 9

In Interrogatory No. 9, UnitCorp requests the following:

> INTERROGATORY NO. 9: Identify by date, prospect, and/or well name, each instance where you agreed to accept a lesser ORRI or waived your right to an ORRI.

[Dkt. 126, p. 9]. Mr. Frost served the following response:

> Mr. Frost agreed to accept a reduced overriding royalty interest pursuant to amendments to his Consulting Agreement. Any other instances of an agreement to a reduced overriding royalty interest would be rare and would be reflected in the Assignments he received from UDEC.

*Id.* The Supplemental Response served on July 18, 2013 states:

> Mr. Frost agreed to accept a reduced overriding royalty interest pursuant to amendments to his Consulting Agreement. While

3

> Mr. Frost does not recall the specific details of an example of when he agreed to accept a lesser ORRI, he states that he never waived his entire right to an ORRI and any instances of an agreement to accept a lesser ORRI would be rare and reflected in the Assignments he received from UDEC.

*Id*.

Mr. Frost clearly acknowledged that he agreed to accept a reduced ORRI pursuant to amendments to his Consulting Agreement. Both parties have the amendments, so no further response is necessary concerning the amendments. Mr. Frost also acknowledged that on some occasions he agreed to reduce his ORRI on specific leases to facilitate UnitCorp's sale of those specific leases. Mr. Frost confirms that he does not specifically recall those occasions, but states that the reduction of his ORRI would be documented in the sales transactions. Since Mr. Frost is not claiming breach of contract or damages for properties UnitCorp does not currently own, information about those transactions where reductions in the ORRI took place in connection with the sale of a lease is not relevant. No further response is necessary regarding those transactions.

UnitCorp's motion to compel is DENIED as to Interrogatory No. 9.

**Request for Admission No. 3**

Request for Admission No. 3, is written so as to require an answer contingent upon whether Mr. Frost answered Interrogatory No. 9:

> REQUEST FOR ADMISSION NO.3: If you do not provide an answer to Interrogatory No. 9 [see below], admit that you cannot remember the specific details to those instances when you agreed to either give up your right to an ORRI or you consented to a lesser ORRI.
>
> RESPONSE TO REQUEST NO. 3: Denied.

[Dkt. 126, pp. 8-9]. Given the wording of Request for Admission No. 3, Mr. Frost's answer is sufficient. Moreover, there is nothing within Request for Admission No. 3 to justify UnitCorp's request that Mr. Frost be ordered to admit "that he may have included [prospects where he waived his override] in his current day claim." [Dkt. 146, p. 4].

UnitCorp's motion to compel is DENIED as to Request for Admission No. 3.

## Conclusion

Third-Party Defendant Unit Corporation's Motion to Compel, [Dkt. 126] is DENIED. The parties will bear their own expenses related to this motion. UnitCorp's motion does not demonstrate that a meet and confer was conducted after Mr. Frost provided supplemental responses on June 24, 2013 and before the instant motion was filed. [Dkt. 126, p. 2]. An award to Mr. Frost would be unjust as Mr. Frost made a concession that made UnitCorp's motion moot as to Interrogatory No. 2 and Request for Production No. 2. [Dkt. 132, pp. 1-2; 146, p. 3].

SO ORDERED this 30th day of September, 2013.

FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE