UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNIT PETROLEUM COMPANY, | ) | |
| UNIT DRILLING AND EXPLORATION | ) | |
| COMPANY, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 11-CV-627-JED-FHM |
| | ) | |
| JACK FROST, | ) | |
| | ) | |
| Defendant and Third-Party Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| UNIT CORPORATION, | ) | |
| | ) | |
| Third-Party Defendant. | ) | |

## OPINION AND ORDER

The Court has for its consideration plaintiffs' Motion to Strike Jury Trial and Brief in Support (Doc. 81). Plaintiffs, Unit Petroleum Company and Unit Drilling and Exploration Company (collectively, "plaintiffs"), seek to strike defendant and counterclaimant Jack Frost's demand for a jury trial on the basis that his claims are equitable in nature, or at least so intertwined with equitable relief as to make them inappropriate for jury consideration. Frost maintains that his primary request for relief is legal in nature and, as such, his Seventh Amendment right to a jury trial should not be abridged.

### I.     Background

On November 10, 1980, Jack Frost entered into a consulting agreement with Unit Drilling and Exploration Company ("UDEC"). Frost performed geological services for UDEC and received as compensation the assignment of an overriding royalty interest ("ORI") in any oil and gas leases UDEC acquired in prospects recommended by Frost.

Plaintiffs filed this action on October 12, 2011, seeking a declaratory judgment that the consulting agreement UDEC entered into with Frost had been fully performed and that Frost was not owed anything under the agreement.  (Doc. 2).  Frost counterclaimed for unpaid royalties and sought the assignment of any overrides he was owed for subsequently acquired leases in prospects he recommended.  On April 5, 2013, the Court entered an Opinion and Order (Doc. 114) permitting Frost to join Unit Corporation as a counterclaim defendant.  On April 12, 2013, Frost filed his First Amended Counterclaims and Third-Party Complaint (Doc. 115).

## II.    Standard

The Seventh Amendment provides that "[i]n suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved...."  U.S. Const. amend. VII.  The Supreme Court has interpreted the Seventh Amendment as requiring trial by jury if the action involves "rights and remedies of the sort traditionally enforced in an action at law, rather than in an action in equity or admiralty."  *Pernell v. Southall Realty*, 416 U.S. 363, 375, 94 S.Ct. 1723, 40 L.Ed.2d 198 (1974).  "To determine whether a particular statutory action more closely resembles an 18th century case tried in a court of law or one tried in a court of equity, we must examine both the nature of the statutory action and the remedy sought."  *Adams v. Cyprus Amax Minerals Co*., 149 F.3d 1156, 1159 (10th Cir. 1998) (citing *Feltner v. Columbia Pictures Television, Inc*., 523 U.S. 340, 348 (1998)).  The more important of the two factors is whether the remedy sought is legal or equitable in nature.  *Id*.

"The Supreme Court has recognized two exceptions to the general rule that monetary relief constitutes a legal remedy.  An award of money damages may be considered an equitable rather than legal remedy if (1) the monetary award is incidental to or intertwined with injunctive relief; or (2) the damages are restitutionary, such as in action[s] for disgorgement of improper

profits." *Adams*, 149 F.3d at 1161 (10th Cir. 1998) (internal quotations and citations omitted). This inquiry cannot be resolved merely by looking at the face of a complaint and must take into consideration the actual nature of the claims at issue. *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 478 (1962). As the Supreme Court noted in *Dairy Queen*, "the constitutional right to trial by jury cannot be made to depend upon the choice of words used in the pleadings." 369 U.S. at 477-478.

### III.   Analysis

Frost maintains that his breach of contract claim should be characterized as legal in nature because he seeks monies due on past production that would have resulted from ORIs which should have been assigned to him. Plaintiffs argue that any money damages Frost may receive are merely incidental to and/or closely intertwined with the equitable relief that must occur as a predicate to an award of damages. The parties agree that the equitable relief at issue here is in the nature of specific performance – specifically, the assignment of ORIs to Frost.

Frost's counterclaims and third-party claims in this action are for breach of contract and declaratory judgment.[1] These claims are each based upon the same operative facts and theory – that the Unit entities allegedly should have, but did not, assign certain ORIs to Frost as a result of his work in finding oil and gas prospects. As Frost's response brief puts it, he wants assignment of any ORIs to which he is entitled, but is "*also* seeking money damages due on overrides on past production that should have been assigned to him pursuant to the Contract." (Doc. 95, at 3, italics added). The characterization of the remedies he seeks as legal or equitable and whether

---

[1]   In addition to these, Frost's original counterclaims included unjust enrichment, breach of duty of good faith and fair dealing, deceit, and fraud/false representation (Doc. 8). His counterclaims for breach of duty of good faith and fair dealing, deceit, and fraud/false representation were dismissed by stipulation (*see* Doc. 13). In his First Amended Counterclaims and Third-Party Complaint (Doc. 115), Frost included only his claims for breach of contract and declaratory relief.

the facts supporting those remedies will be tried to a jury is the only issue for the Court to resolve at this juncture.

Frost suggests to the Court that it should focus primarily on the fact that he seeks monetary damages, which could amount to a significant sum. This argument, however, ignores the fact that Frost has no entitlement to damages unless and until the Court exercises its equitable power to compel one or more of the Unit entities to assign ORIs to Frost. Frost would then be owed money based upon the production, if any, attributable to the property in which he is assigned an interest. Whether Frost is entitled to any assignments, i.e. specific performance, is the key question which now drives this case. Specific performance is a decidedly equitable remedy. *Fischer Imaging Corp. v. Gen. Elec. Co*., 187 F.3d 1165, 1172 (10th Cir. 1999) ("Because specific performance is an equitable remedy, the case would not be tried to a jury."). As a result, the Court finds that Frost's request for monetary relief is "inextricably intertwined" with his request for equitable relief. *See Adams*, 149 F.3d at 1162. Having so found, Frost is not entitled to a jury trial.

**IT IS THEREFORE ORDERED** that plaintiffs' Motion to Strike Jury Trial and Brief in Support (Doc. 81) is **granted**. The jury trial scheduled in this matter is hereby stricken and reset as a nonjury trial before the Court. The January 14, 2014 deadline for submission of jury instructions and voir dire is also stricken. A deadline for submission of proposed findings of fact and conclusions of law will be set at an appropriate time.

**SO ORDERED** this 4th day of October, 2013.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE